E-FILED
Anne Arundel Circuit Court
3/15/2017 4:57:01 PM

# IN THE CIRCUIT COURT

## FOR ANNE ARUNDEL COUNTY, MARYLAND

LESLIE MILLSPAUGH,

Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
SERVE ON:
CSC-Lawyers Incorporating Service Co.,
7 St. Paul St., Suite 820,
Baltimore, MD 21202

Defendant.

CASE NO.: C-02-CV-17-000731

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY

Leslie Millspaugh sues Portfolio Recovery Associates, LLC ("PRA") for violations

of the Federal Telephone Consumer Protection Act (47 U.S.C. § 227) and Maryland

Telephone Consumer Protection Act (Md. Code Ann., Com. L. § 14-3201) and for cause

states:

PRA violated both statutes when it called the Plaintiff's cell phone hundreds of

times using an autodialer, without the Plaintiff's consent. Ms. Millspaugh received a

class action notice and opted out of PRA's recent class action settlement for just such

violations of the federal TCPA.[1]

---

[1] *In re Portfolio Recovery Associates, LLC. Telephone Consumer Protection Act Litigation*, No. 11-MD-2295-JAH-BGS (S.D. Cal.). The class is defined as:
All natural persons residing in the United States who received one or more telephone calls from an autodialer or a predictive dialer operated by Defendants to such person's cellular telephone number between December 23, 2006 and July 1, 2013, inclusive, and who are listed in the csv data file titled pra_outbound_dial_list_20140304.zip produced to Plaintiffs' counsel.



EXHIBIT

C

## Parties

1.      Ms. Millspaugh is a natural person resident in Dorchester County, Maryland.

2.      PRA is a Delaware limited liability company which maintains its offices at 120 Corporate Boulevard, Norfolk, VA 23502. PRA is a collection agency, using the mails and telephone to collect consumer debts originally owed to other persons.

3.      PRA is a debt buyer and debt collector which purchases defaulted consumer debts for pennies on the dollar, then attempts to collect the whole debt from the consumer.

4.      PRA engages in debt collection using a variety of techniques, including placing calls to consumers' cell phones using an autodialer.

## Jurisdiction & Venue

5.      Pursuant to pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b), the court has jurisdiction over the Defendant and over all of the Plaintiff's claims because the Defendant engages in business in the state of Maryland, and the claims asserted are for wrongs that were committed in Maryland.

6.      Venue is proper pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a). The Defendant engages in the business of collecting debt and filing lawsuits in Anne Arundel County.

## PRA's Regulatory Record

https://www.pratcpasettlement.com/Home.aspx

Ms. Millspaugh received notice that she was a member of the class (see attached EXHIBIT A). In response, she opted out of the class action (see attached EXHIBIT B) to seek individual relief.

7.      On 9/8/2015 PRA entered into a consent order with the Consumer

Financial Protection Bureau. The CFPB found that

> PRA Representatives sometimes use a computer dialing
> system to place calls to phone numbers associated with PRA
> accounts. Federal law prohibits using an auto-dialer to dial a
> Consumer's cell phone without that Consumer's express
> consent.
> Consent Order, ¶ 37.

8.      The CFPB found that prior to August 2013, PRA's policy was to tell

consumers that "they can only prevent collection calls to their cell phones before 9 a.m.

if they consent to receive computer dialing system calls on their cell phones." Consent

Order, ¶ 38. In fact, consumers could prevent calls before 9 a.m. simply by telling PRA

that such calls were inconvenient.

## Facts

9.      At all material times, Ms. Millspaugh was the continuous subscriber for a

specific cellular phone number.

10.     In 2011, PRA began calling Ms. Millspaugh's cell phone, and writing to Ms.

Millspaugh, claiming that she owed a debt.

11.     On information and belief, PRA made 400 calls to Ms. Millspaugh's cell

phone ("the Calls").

12.     On information and belief, PRA made the Calls to Ms. Millspaugh's cell

phone using an Automated Telephone Dialing System ("ATDS" or "Autodialer").

13.     Ms. Millspaugh believes PRA used an autodialer to call her cell phone

because during the calls, there would be a pause of a few seconds before anyone from

PRA got on the line after Ms. Millspaugh answered the call.

14.     It is also widely known (through lawsuits, regulatory actions and filings, class action lawsuits and settlements) that PRA uses autodialers as part of its business.

15.     ATDS constitutes an automatic telephone dialing system capable of storing, producing, and dialing any telephone number and storing producing and dialing telephone numbers using a random or sequential number generator.

16.     On information and belief, no human manually entered Plaintiff's telephone number when PRA called her cell phone.

17.     The calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     On information and belief, PRA uses skip-tracing services to locate the telephone numbers used by consumers it wishes to call. PRA does not obtain such numbers from the original creditor.

19.     When obtaining telephone numbers from skip-tracing services, PRA does not obtain prior express consent.

20.     Ms. Millspaugh never gave express consent to allow PRA to call her on her cell phone using an autodialer.  She also told them repeatedly not to call her, and thus revoked any prior consent which may have been given to PRA.  Despite the fact that she told PRA to stop calling her, PRA continued.

21.     Although Ms. Millspaugh attempted to block PRA's calls, PRA used a variety of different numbers to call her.

## COUNT I

## VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT

22.     The Plaintiff incorporates the factual allegations made in the preceding

paragraphs.

23.     PRA made phone calls to the Plaintiff's cellular phone using an automatic
telephone dialing system.  No human manually entered the cellular telephone number at
the time the calls were made.  Rather, the ATDS electronically dialed Plaintiff's number
in an automated fashion. The ATDS was capable of storing, producing and dialing any
telephone number, and was capable of doing so using a random or sequential number
generator. The ATDS was an automatic telephone dialing system under 47 U.S.C. §
227(a)(1).

24.     PRA did not obtain legally effective prior express consent to call Plaintiff's
cellular telephone number.  Even if it ever had prior consent (which it did not), the
Plaintiff revoked any such consent when she told PRA several times to stop calling her.

25.     PRA violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to the
Plaintiff that were (1) dialed using an ATDS (2) made to a cellular telephone number
and (3) for which PRA did not have prior express consent.  (Even if it ever had prior
consent (which it did not), the Plaintiff revoked any such consent when she told PRA
several times to stop calling her).

26.     PRA's violations of the Telephone Consumer Protection Act ("TCPA") were
willful and/or knowing, and were without the Plaintiff's consent. PRA knew that its calls
were dialed automatically. PRA knew that they were made to a cellular telephone
number. PRA knew that it did not have Plaintiff's prior express consent.  (Even if it ever
had prior consent (which it did not), the Plaintiff revoked any such consent when she
told PRA several times to stop calling her).

27.     Through its TCPA violations, the Defendant damaged the Plaintiff by
invading her privacy and subjecting her to annoying calls.  Moreover, the interruption

caused by these calls damaged the Plaintiff because she spent time and effort to receive, answer or retrieve from voice mail. PRA further damaged Plaintiff because she was compelled to take time to block PRA's calls to mitigate the other negative effects of the calls.

28.     PRA used an automatic telephone dialing system for its own convenience and efficiency, and to the detriment of Plaintiff. This policy improperly shifted the burden of manually dealing with such calls away from PRA, and onto the Plaintiff.

29.     As a result of PRA's violations of the TCPA, the Plaintiff is entitled to the statutory damages stated in the TCPA, including treble damages to the extent that such violations were willful and/or knowing. 47 U.S.C. § 227(b)(3).

## COUNT II

### VIOLATION OF THE MARYLAND TELEPHONE CONSUMER PROTECTION ACT

*30.*     The Plaintiff incorporates the factual allegations made in the preceding paragraphs.

31.     PRA made phone calls to the Plaintiff's cellular telephone through the use of an automatic telephone dialing system, in violation of 47 U.S.C. § 227.

32.     PRA's violations of the TCPA were willful and/or knowing, and were without the Plaintiff's consent.

33.     Pursuant to the Maryland Telephone Consumer Protection Act, a person may not violate the TCPA, and to do so is a violation of Md. Code Ann., Com. L. § 14-3201.

34.     A violation of the TCPA is therefore a violation of the Maryland TCPA.

35.     The Plaintiff was damaged by defendant's MTCPA violations in the same

way that she was damaged by its TCPA violations.

36.    As a result of PRA's violations of the MTCPA, the Plaintiff is entitled to the statutory damages stated in the MTCPA, of $500.00 for each violation and reasonable attorney's fees. Md. Code Ann., Com. L. § 14-3202(b).

**WHEREFORE,** the Plaintiff requests the following relief:

A.  Pursuant to the federal TCPA, statutory damages of $500 for each call made that was not willful;

B.  Pursuant to the federal TCPA, statutory damages of $1,500 for each call made that was willful;

C.  Pursuant to the Maryland TCPA, statutory damages of $500 for each call;

D.  Pursuant to the Maryland TCPA, reasonable attorney's fees; and

E.  Such other and further relief as the justice of her case may require.


Respectfully submitted,
Leslie Millspaugh

By her Attorneys,

_/s/ Peter A. Holland_
PETER A. HOLLAND
The Holland Law Firm, P.C.
914 Bay-Ridge Rd. Suite 230
P.O. Box 6268
Annapolis, MD 21401
410 280 6133
410-280-8650 (fax)
peter@hollandlawfirm.com

AND

SCOTT C. BORISON
Legg Law Firm, LLP
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403

Borison@legglaw.com
(301) 620-1016
Fax: (301) 620-1018

MD office:
5235 Westview Dr., Suite 100
Frederick MD 21703

AND

EMANWEL J. TURNBULL
The Holland Law Firm, P.C.
914 Bay Ridge Rd. Suite 230
P.O. Box 6268
Annapolis, MD 21401
410 280 6133
410-280-8650 (fax)
eturnbull@hollandlawfirm.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all claims.

_/s/  Peter A. Holland_
PETER A. HOLLAND